430 So.2d 483 (1983)
FLORIDA POLICE BENEVOLENT ASSOCIATION-POLITICAL ACTION COMMITTEE, and State Police Charter of the Florida Police Benevolent Association, Inc., Appellants,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. AF-268.
District Court of Appeal of Florida, First District.
March 22, 1983.
Gene "Hal" Johnson, Gen. Counsel, Gainesville, Florida Police Benev. Ass'n, Inc., for appellants.
John J. Rimes, III, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
In this appeal from final agency action, appellants challenge the constitutionality of § 106.08(1)(f), Florida Statutes, a provision of the Florida Campaign Financing Act, as applied in the circumstances of this case. We conclude that the statute is not unconstitutional as applied, and we affirm the order appealed.
Appellants are the Florida Police Benevolent Association-Political Action Committee (Florida PBA-PAC), a registered political committee which contributes to various political candidates, and the State Police Charter, an association of law enforcement personnel and an affiliated chapter of the Florida Police Benevolent Association. The State Police Charter made a $5,000 contribution which was accepted by the Florida PBA-PAC; appellee Florida Elections Commission initiated administrative proceedings which resulted in a final order *484 finding appellants to be in violation of §§ 106.19(1)(a) and 106.08(1)(f), Florida Statutes, respectively, for accepting and making contributions in excess of the maximum amount permitted by § 106.08, Florida Statutes.
Section 106.08, Florida Statutes, provides, in pertinent part, that:
1) No person or political committee shall make contributions to any candidate or political committee in this state, for any election, in excess of the following amounts:
.....
(f) To a political committee supporting or opposing one or more candidates, $1,000.
Appellants contend that, as applied in the circumstances of the present case, this provision impermissibly abridges rights of association and political advocacy guaranteed by the First Amendment of the United States Constitution.
The United States Supreme Court considered a First Amendment challenge to the Federal Election Campaign Act in Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), and ruled that the Act is not constitutionally infirm insofar as it limits contributions to a political candidate or the candidate's election committee.[1] The Court reasoned that a limitation on the permissible amount of campaign contributions furthers the Act's primary purpose of avoiding "the actuality and appearance of corruption resulting from large individual financial contributions." Buckley, at 26, 96 S.Ct. at 638. In reaching this conclusion the Court distinguished limitations on campaign expenditures, which it characterized as a "substantial restraint" subject to full First Amendment protection and exacting judicial scrutiny, and limitations on campaign contributions, which the Court characterized as only a "marginal restriction" of First Amendment rights.[2]
In California Medical Association v. Federal Election Commission, 453 U.S. 182, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981), the United States Supreme Court upheld, as against a First Amendment challenge, the Federal Election Campaign Act's limitation on contributions to multicandidate political committees. The California Medical court reiterated the Buckley distinction between direct independent expenditure, which is constitutionally protected, and contribution to a committee supporting political candidates, which "is not the sort of political advocacy ... entitled to full First Amendment protection." California Medical, at 196, 101 S.Ct. at 2722. Ruling that statutory restrictions may constitutionally be applied to such contributions, the Court in California Medical reasoned that:

*485 If the First Amendment rights of a contributor are not infringed by limitations of the amount he may contribute to a campaign organization which advocates the views and candidacy of a particular candidate, the rights of a contributor are similarly not impaired by limits on the amount he may give to a multicandidate political committee ... which advocates the views and candidacies of a number of candidates.
453 U.S. at 197, 101 S.Ct. at 2722.
In finding the asserted governmental interests sufficient to satisfy constitutional requirements, the California Medical Court suggested that the challenged limitation may be an effective aid in preventing circumvention of the Act's limitation on direct contributions to political candidates or affiliated committees. While somewhat less compelling in the circumstances of the present case,[3] this asserted interest is nevertheless reasonably related to, and a sufficient justification for, the enactment of § 106.08(1)(f), Florida Statutes. As the California Medical Court observed:
Because the challenged limitation does not restrict the ability of individuals to engage in protected political advocacy, Congress was not required to select the least restrictive means of protecting the integrity of its legislative scheme.
453 U.S. at 199, 101 S.Ct. at 2723 (footnote 20).
Furthermore, even in the context of an issue referendum case it has been recognized that:
Preserving the integrity of the electoral process . .. and "sustain[ing] the active, alert responsibility of the individual citizen in a democracy for the wise conduct of government" are interests of the highest importance.
First National Bank of Boston v. Bellotti, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978), at 778-89, citing United States v. Automobile Workers, 352 U.S. 567, 77 S.Ct. 529, 1 L.Ed.2d 563 (1957). While the Bellotti Court ruled that these "interests of the highest importance" could not justify an absolute prohibition against corporate participation in the context of a ballot measure, the Court did suggest that such interests may be more compelling in the context of a political election. Bellotti, 435 U.S. at 790, 98 S.Ct. at 1423 (footnote 29). We conclude in the present case that § 106.08(1)(f) is reasonably related to these legitimate governmental interests, so as to survive the constitutional challenge presented for our adjudication.
Because § 106.08(1)(f), Florida Statutes, may in this context be regarded as inhibiting circumvention of the Florida Campaign Financing Act's direct contribution limitations, and preserving the integrity of the electoral process by encouraging the active, alert responsibility of individual citizens, we conclude that the statute, as applied in this case, does not offend the First Amendment of the U.S. Constitution. Accordingly, the order appealed is affirmed.
MILLS, J., and OWEN, Jr., WILLIAM C., Associate Judge, concur.
NOTES
[1] Cases subsequent to Buckley have established that legislative restrictions on campaign contributions may not constitutionally be applied so as to limit the amount which may be contributed to a committee advocating a position on a ballot measure or issue referendum. See, e.g., Citizens Against Rent Control/Coalition for Fair Housing v. Berkley, 450 U.S. 908, 101 S.Ct. 1344, 67 L.Ed.2d 331 (1981); Let's Help Florida v. McCrary, 621 F.2d 195 (5th Cir.1980); Winn-Dixie Stores Inc. v. Florida, 408 So.2d 211 (Fla. 1981). Also see First National Bank of Boston v. Bellotti, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978).

However, the present case does not involve a ballot measure or issue referendum; rather, it involves a limitation on contribution to a political action committee which, while not directly affiliated with any particular candidate, in turn contributes to the election committees of various candidates.
[2] The Court stated:

A contribution serves as a general expression of support for the candidate and his views, but does not communicate the underlying basis for the support. The quantity of communication by the contributor does not increase perceptibly with the size of his contribution, since the expression rests solely on the undifferentiated, symbolic act of contributing. At most, the size of the contribution provides a very rough index of the intensity of the contributor's support for a candidate. A limitation on the amount of money a person may give to a candidate or campaign organization thus involves little direct restraint on his political communication, for it permits the symbolic expression of support evidenced by a contribution but does not in any way infringe the contributor's freedom to discuss candidates and issues.
424 U.S. at 21, 96 S.Ct. at 635 (footnote omitted).
[3] In California Medical the Court reasoned that the challenged limitation could prevent circumvention of the Federal Election Campaign Act's annual aggregate contribution limitation, as well as the limitation on direct individual contributions. The statute in California Medical precluded direct individual contributions in excess of $1,000, while multicandidate political committees were allowed to contribute up to $5,000 per candidate.

The present case involves no annual aggregate contribution limitation nor any disparity between individuals and political committees as to the maximum permissible direct contribution. However, the Florida Campaign Financing Act does limit the permissible amount of direct individual contributions, and § 106.08(1)(f) inhibits circumvention of such direct contribution limitations by precluding large individual contributions to numerous political committees, each of which may support and contribute to the same candidate or candidates.